Asim GUL, Petitioner,

v.

Eric H. HOLDER, Jr., Attorney General, Respondent.

No. 05–73010.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted March 10, 2009.

Filed March 31, 2009.

Vinay R. Chari, Esquire, Ben Loveman, Esquire, Law Offices of Virender Kumar

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Goswami, San Francisco, CA, for Petitioner.

Ronald E. Lefevre, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Erica Miles, Oil, DOJ–U.S. Department of Justice, Washington, DC, for Respondent.

Before: KOZINSKI, Chief Judge, HUG and BEA, Circuit Judges.

MEMORANDUM *

Asim Gul, a native and citizen of Afghanistan, petitions for review of a Board of Immigration Appeals (BIA) order affirming an Immigration Judge's (IJ) denial of asylum, withholding of removal, and Convention Against Torture (CAT) protection.[1] We have jurisdiction under 8 U.S.C. § 1252 and deny the petition.

"Where, as here, the BIA adopts the IJ's decision while adding its own reasons, we review both decisions." *Kataria v. INS*, 232 F.3d 1107, 1112 (9th Cir.2000). We review for substantial evidence the determination that Gul does not qualify for asylum. *See Gormley v. Ashcroft*, 364 F.3d 1172, 1176 (9th Cir.2004).

Substantial evidence supports the IJ's and BIA's finding that the government rebutted the presumption of a well-founded fear of future persecution. *See Gonzalez–Hernandez v. Ashcroft*, 336 F.3d 995, 997–98 (9th Cir.2003). The IJ performed the requisite individualized analysis, *see id.* at 999–1000, and a preponderance of the evidence on record shows that Gul's fear of persecution was not well founded following the ouster of the Taliban in 2001. Thus, Gul's asylum claim fails. Because Gul failed to show that he qualifies for asylum, he has "not met the higher burden of proving that [he is] entitled to withholding of removal." *See Kumar v. Gonzales*, 439 F.3d 520, 525 (9th Cir.2006).

Gul also contends that the IJ and BIA abused their discretion by denying him humanitarian asylum based on the severity of his past persecution. *See* 8 C.F.R. § 1208.13(b)(1)(iii)(A). We disagree because Gul has not shown that he "suffered under atrocious forms of persecution." *See Belayneh v. INS*, 213 F.3d 488, 491 (9th Cir.2000).

**PETITION FOR REVIEW DENIED.**

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

1. Gul's petition for review does not challenge the denial of CAT protection.